UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLOS LOPEZ WILLIAM,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | No.  1:26-cv-04118-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT<br><br>(Doc. Nos. 2, 3, 4) |

On May 29, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 2.)  On June 2, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 7.)  In addition, respondent was directed that if opposed to the court ruling on the pending petition based on the briefing currently before the court, respondent should so indicate in the opposition and provide substantive reasons in support of that opposition.  (*Id.*)

On June 3, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  In that opposition, respondent represents that petitioner has been detained

1

for ten months pursuant to 8 U.S.C. § 1231 due to a final removal order having been entered against him. (*Id.* at 1, 4.) Respondent concedes that this is beyond the presumptively reasonable period of six months identified by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 4.) Nevertheless, respondent argues that petitioner has not satisfied his initial burden of demonstrating that there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future to warrant his release. (*Id.* at 4–5.) Specifically, respondent argues that an immigration judge denied petitioner's application for withholding of removal and he is likely to be removed following the resolution of petitioner's appeal to the Board of Immigration Appeals ("BIA") of that order. (*Id.*) Respondent did not state any opposition to this court ruling on the merits of the underlying petition as directed by the court's previous order (Doc. No. 7), and therefore the court will rule on the merits of the pending petition based upon the briefing currently before it in this order.

Based upon a review of the briefing, the court finds the following facts. On July 8, 2022, petitioner was ordered removed from the United States and was removed on July 17, 2022. (Doc. Nos. 8-1, 8-2.) Petitioner re-entered the United States at an unknown time and, in 2025, applied for asylum and withholding of removal. (Doc. No. 1 at 5.) On August 11, 2025, petitioner was detained by immigration authorities. (*Id.*) That same day, petitioner was provided a notice of the decision to reinstate his prior removal order. (Doc. No. 8-7.) On November 11, 2025, petitioner's request for withholding of removal was denied. (Doc. No. 8-9 at 1.) On December 17, 2025, petitioner appealed that decision to the BIA and that appeal is still pending. (Doc. No. 8-10.) Petitioner has been detained for approximately ten months following entry of his final removal order on August 11, 2025. (Doc. No. 8 at 4.)

Respondent is correct that the "burden [is] on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Zadvydas*, 533 U.S. at 701). However, an appeal pending with the BIA regarding a withholding of removal denial does provides some support for a finding that there is "good reason to believe" there is no significant likelihood of removal in the reasonably foreseeable

2

future.  *See Del Cid Cruz v. Mullin*, No. 2:26-cv-00853-APG-EJY, 2026 WL 1481533, at *3 (D. Nev. May 27, 2026) (finding no significant likelihood of removal where the petitioner's withholding appeal remained pending); *see also Gonzalez Llinas v. Scott*, No. 26-cv-01461-SKV, 2026 WL 1429338, at *3–4 (W.D. Wash May 21, 2026) (finding that the petitioner's pending appeal with the BIA supported finding that there was no significant likelihood of removal within the reasonably foreseeable future); *Rodriguez v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026) (finding that a pending withholding of removal petition supported a finding of no significant likelihood of removal); *but see Sow v. Mullin*, No. 2:26-cv-00617-LK, 2026 WL 1223616, at *4–5 (W.D. Wash. May 5, 2026) (finding that removal was reasonably foreseeable during pendency of withholding-only proceedings and collecting out-of-circuit authority); *Hurtado-Romero v. Sessions*, No. 18-cv-01685-EMC, 2018 WL 2234500, at *4 (N.D. Cal. May 16, 2018) ("[T]he sole obstacle to removal appears to be the pending appeal of the adverse withholding decision. That alone does not render removal unforeseeable under *Zadvydas*.").  Moreover, respondent has not provided any evidence that petitioner's removal would be prompt following a denial of his appeal to the BIA, as respondent has not, for example, shown that a travel document has been issued or could be issued swiftly.  *Aguilar Guerrero v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-02499-TLN-JDP, 2026 WL 1329734, at *3 (E.D. Cal. May 13, 2026) (finding no significant likelihood of removal where the petitioner's appeal of the denial of his application for withholding of removal was pending and the respondent had not shown it could swiftly remove the petitioner following resolution of that appeal), *report and recommendation adopted by*, 2026 WL 1457552 (E.D. Cal. May 22, 2026).

Accordingly, the court finds that petitioner has met his burden to demonstrate there is no significant likelihood of removal and respondent has not rebutted that showing.[1]  The court adopts its analysis in *Rodriguez*, 2026 WL 770527, at *4–5 and concludes that petitioner has

---

[1]  The court also notes that respondent does not provide any evidence indicating that he complied with the notice and custody determination requirements set by 8 C.F.R. § 241.4 for extending a detainee's detention beyond the initial 90-day mandatory detention period following entry of a final removal order.

demonstrated that his continued detention pursuant to 8 U.S.C. § 1231(a)(6) violates his due process rights.  The court will therefore order petitioner's immediate release.[2]

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Guillos Lopez William, A-File No. 241-778-461, from respondent's custody, subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3), 8 C.F.R. § 241.13(h);

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner, without providing petitioner notice and a pre-deprivation hearing before an immigration judge;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel (Doc. No. 4) are hereby DENIED as having been rendered moot in light of this order granting his petition on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

---

[2]  Much of respondent's briefing is focused on petitioner's criminal history.  (Doc. No. 8 at 2–3.) Criminal history is not relevant to the inquiry set by the Supreme Court under *Zadvydas*.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (holding that, after the six-month presumptively reasonable detention period has lapsed, "if the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the [non-citizen]."). Indeed, as another district court has recently explained, controlling Ninth Circuit authority has held that even serious criminal history "does not obviate the normal *Zadvydas* analysis." *Kovalchuk v. Martinez*, No. 1:26-cv-00978-JLT-FJS (HC), 2026 WL 1179736, at *1 n.1 (E.D. Cal. Apr. 30, 2026) (citing *Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004)).

4

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE